IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-18-0313 |
| ARTHUR PRINCE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Defendant Arthur Prince filed a *pro se* Motion for Reduction in Sentence (ECF No. 189). The Office of the Federal Public Defender then filed a Supplemental Motion on Prince's behalf (ECF No. 191). Briefing has now concluded, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2025). For the reasons that follow, the Motions will be denied.

## I. BACKGROUND

Over the course of several months in 2017, Prince and a co-Defendant, Jawanza Carter, committed armed robberies of five pharmacies across Maryland. (ECF No. 58 at 10.) During each robbery, Carter possessed a firearm, and he brandished it at the pharmacy clerk each time. (*Id.*) Prince did not personally possess a firearm during any of the robberies. (*Id.*) Prince was arrested and pled guilty to aiding and abetting the armed robbery of Annapolis Professional Pharmacy, in violation of 18 U.S.C. §§ 2118(a) and (c)(1) and 18 U.S.C. § 2, and to aiding and abetting the brandishing of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. (*Id.* at 1; ECF No. 65-1 at 11–12). The government agreed to dismiss the counts relating to the other four robberies. (ECF No. 58 at 6.)

As part of his plea agreement, Prince admitted to a Stipulation of Facts. (ECF No. 58 at

10–16.) This Stipulation explained that law enforcement obtained a warrant to search Prince's

phone. (*Id.* at 15.) The phone contained several text messages between Carter and Prince that

related to the robbery of Annapolis Professional Pharmacy. (*Id.*) In relevant part, the Stipulation

of Facts states the following:

> The phone also contained text messages between Carter and Prince
> concerning whose gun they were going to use in connection with the
> robbery, which they referred to as a "jont." About two hours before
> the robbery, Carter texted Prince: "[y]ou got your jont ? Or I gotta
> grab mine [sic]". Prince responded, "No and got to get yours."
> About an hour and a half before the robbery, Carter informed Prince
> that he was "about to grab my jont," or gun, and asks Prince if he is
> ready. Prince responds "[a]ite and yea".

(*Id.*)

## II. DISCUSSION

Prince contends that Part B of Amendment 821, which was given retroactive effect,

necessitates a reduction in his sentence. This Part is codified in the United States Sentencing

Guidelines at § 4C1.1. It permits a criminal defendant with no criminal history points to obtain a

reduction of their offense level but only if the defendant meets eleven specified criteria. Only two

of the criteria are contested here: whether "the defendant did not use violence or credible threats

of violence in connection with the offense," § 4C1.1.(a)(3), and whether "the defendant did not

possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other

dangerous weapon (or induce another participant to do so) in connection with the offense," §

4C1.1(a)(7). There is no dispute that Carter does not meet either of these criteria. Thus, the parties

primarily debate whether Prince also does not meet these criteria because he aided and abetted

Carter's conduct.

But the Court need not resolve that issue because Prince unmistakably "induce[d]" Carter

2

to possess and transport a firearm in connection with the robbery of Annapolis Professional Pharmacy. To "induce" means "to persuade someone to do something." *Induce*, Cambridge Dictionary, https://dictionary.cambridge.org/us/dictionary/english/induce (last visited Apr. 14, 2026). In the Stipulation of Facts, Prince agreed that the word "jont" meant "gun." And he agreed that when Carter asked Prince if Prince intended to bring his gun to the robbery, Prince replied, "No and got to get yours." When, a short time later, Carter stated that he was about to get his gun and asked if Prince was ready to commit the robbery, Prince responded that he understood and that he was ready. These messages demonstrate that Prince persuaded Carter to bring a gun to the robbery. Therefore, Prince "induced" Carter to possess and transfer a gun in connection with the robbery of Annapolis Professional Pharmacy. *See* Sent'g Guidelines § 4C1.1(a)(7). Accordingly, Prince is not eligible for relief under Amendment 821.

Further, in a request to a reduce a sentence pursuant to Amendment 821, the Court must also determine whether a sentence reduction is warranted by the 18 U.S.C. § 3553(a) factors. *See* 18 U.S.C. § 3582(c)(2). The Court concludes that those factors do not counsel in favor of a sentence reduction. The nature and circumstances of Prince's crimes are extremely serious. He and Carter conducted the robberies in a premeditated fashion, stole tens of thousands of dollars' worth of opioids, and instilled terror in the pharmacy clerks that they victimized. Given the brazenness and violent nature of the crimes, it is merely good fortune that nobody was seriously injured or killed. The Court recognizes Prince's efforts at rehabilitating himself. The Court is encouraged that Prince has earned his GED, completed drug programming, and plans to study accounting when he re-enters society. But this substantial progress does not negate the needs for general deterrence or for the sentence to reflect the seriousness of the offense. Prince was not a passive enabler of these crimes. He actively encouraged and participated in this string of violent

3

robberies.   The current sentence of 181 months' imprisonment is the sentence that remains sufficient, but not greater than necessary, to comply with the factors set forth in 18 U.S.C. § 3553(a).

## III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Prince's Motion and Supplemental Motion for a sentence reduction (ECF Nos. 189, 191) are DENIED.

DATED this  15  day of April, 2026.

BY THE COURT:

James K. Bredar
United States District Judge

4